U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 3 0 2014

CLERK, U.S. DISTRICT COURT
By _____
           Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DANIEL HERNANDEZ,                §
                                 §
              Movant,            §
                                 §
VS.                              §    NO. 4:14-CV-650-A
                                 §    (No. 4:11-CR-173-A)
UNITED STATES OF AMERICA,        §
                                 §
              Respondent.        §

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the
motion of Daniel Hernandez, the defendant in the above-numbered
criminal action and the movant in the above-captioned civil
action, under 28 U.S.C. § 2255 to vacate, set aside, or correct
sentence by a person in federal custody.  After having considered
such motion, its supporting memorandum, the government's
response, the record in Case No. 4:11-CR-173-A, and pertinent
legal authorities, the court has concluded that such motion
should be denied.

I.

Background

On January 13, 2012, movant pleaded guilty, without a plea
agreement, to the offense of possession with intent to distribute
50 grams or more of methamphetamine, in violation of 21 U.S.C.
§§ 841(a)(1) and 841(b)(1)(B), charged by a one-count indictment.

He was represented at that point in time by his retained attorney, James Lee Bright ("Bright").  He was sentenced on May 4, 2012, to a term of imprisonment of 220 months, which was within his guideline range of 210 to 262 months.  Bright was permitted to withdraw as movant's attorney in mid-May 2012.

A timely notice of appeal was filed for movant, and he was permitted to proceed in forma pauperis on appeal.  He was represented on appeal by the Office of the Federal Public Defender for the Northern District of Texas, acting through Jason D. Hawkins, who was then an Assistant Federal Public Defender.

The Federal Public Defender filed a motion with the Fifth Circuit to withdraw from representation of movant on appeal, and filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), and United States v. Flores, 632 F.3d 229 (5th Cir. 2011).  The Fifth Circuit concurred with the Federal Public Defender's assessment that the appeal presented no non-frivolous issue for appellate review.  Accordingly, the Federal Public Defender's motion for leave to withdraw was granted, and movant's appeal was dismissed in December 2013.

Movant filed his motion under § 2255 on August 13, 2014, to which the government responded on September 10, 2014.

II.

The Grounds of the Motion

As set forth in the memorandum movant filed in support of his motion, the grounds of his motion are as follows:

GROUND ONE:      Counsel Was Ineffective For Failing To
                 Properly Object To The Application Of
                 The Two-Level Enhancement For The
                 Importation Of Methamphetamine From
                 Mexico

Mot., Mem. at 9.

GROUND TWO:      Counsel Was Ineffective For Failing To
                 Properly Object To The Application Of
                 The Two Level Enhancement For
                 Obstruction Of Justice

Id. at 10.

GROUND THREE:    Counsel Was Ineffective For Failing To
                 Properly Object To The Pre-sentence
                 Investigation Report's Determination
                 That Movant Was Responsible For 20.4
                 kilograms Of Methamphetamine

Id. at 12.

III.

Analysis

A.   Standards

1.   Applicable § 2255 Principles

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted.  United States v. Frady, 456 U.S.

3

152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32

(5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992).  A defendant

can challenge her conviction or sentence after it is presumed

final on issues of constitutional or jurisdictional magnitude

only, and may not raise an issue for the first time on collateral

review without showing both "cause" for her procedural default

and "actual prejudice" resulting from the errors.  Shaid, 937

F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial

errors.  It is reserved for transgressions of constitutional

rights and other narrow injuries that could not have been raised

on direct appeal and would, if condoned, result in a complete

miscarriage of justice.  United States v. Capua, 656 F.2d 1033,

1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of

habeas corpus will not be allowed to do service for an appeal.

Davis v. United States, 417 U.S. 333, 345 (1974).  Further, if

issues "are raised and considered on direct appeal, a defendant

is thereafter precluded from urging the same issues in a later

collateral attack."  Moore v. United States, 598 F.2d 439, 441

(5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515,

517-18 (5th Cir. 1978)).

2.   <u>Standards Pertinent to Ineffective Assistance of
     Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim,
movant must show (1) that counsel's performance fell below an
objective standard of reasonableness and (2) that there is a
reasonable probability that, but for his counsel's unprofessional
errors, the result of the proceedings would have been different.
<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  Both prongs
of the <u>Strickland</u> test must be met to demonstrate ineffective
assistance.  <u>Id.</u> at 697.  Further, "[a] court need not address
both components of an ineffective assistance of counsel claim if
the movant makes an insufficient showing on one." <u>United States
v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood
of a different result must be substantial, not just conceivable,"
<u>Harrington v. Richter</u>, 131 S. Ct. 770, 792 (2011), and a movant
must prove that counsel's errors "so undermined the proper
functioning of the adversarial process that the trial cannot be
relied on as having produced a just result." <u>Cullen v.
Pinholster</u>, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466
U.S. at 686).  Judicial scrutiny of this type of claim must be
highly deferential and the defendant must overcome a strong
presumption that his counsel's conduct falls within the wide

range of reasonable professional assistance.  <u>Strickland</u>, 466

U.S. at 689.

B.    <u>None of the Grounds of the Motion Has Merit</u>

    1.    <u>Ground One is Without Merit</u>

    The record in movant's criminal case, including facts

recited in the presentence investigation report, established that

the drugs for which movant was held accountable were brought in

from Mexico.  Movant's complaint is that Bright did not

appropriately object to the two-level increase based on the

importation of the drugs on the ground that movant did not know

that he was dealing with drugs imported from Mexico.  If his

counsel had made such an objection, it would be without merit.

<u>See</u>, <u>e.g.</u>, <u>United States v. Foulks</u>, 747 F.3d 914, 915 (5th Cir.

2014).  Movant's counsel had no obligation to make an objection

unfounded in law, and cannot be determined to have been

ineffectual as movant's attorney for having failed to do so.  <u>See</u>

<u>United States v. Kimler</u>, 167 F.3d 889, 893 (5th Cir. 1999).

Therefore, movant's first ground lacks merit.

    2.    <u>Ground Two is Without Merit</u>

    Movant complains of an obstruction of justice two-level

increase in his offense level based on the fact that he fled to

Mexico as officers were trying to arrest him, and remained as a

fugitive in Mexico for several months before he was arrested

crossing the border into the United States at the Laredo, Texas point of entry. Movant alleged in his memorandum "that he traveled to Mexico to visit family, but did not do so strictly after learning of a warrant for his arrest, and did not knowingly flee to obstruct justice." Mot., Mem. at 10. His present contention was directly contradicted by the information provided to the court at sentencing. The information the court had at sentencing causes the court to conclude that it would have been futile for Bright to have objected to the obstruction of justice increase in movant's offense level on the ground suggested by movant in his memorandum. Instead, Bright made the wise strategical choice to mitigate the enhancement by arguing that the court should not place significant weight on movant's conduct in fleeing to Mexico, arguing that the court should take into account in sentencing that movant voluntarily returned to the United States to face the indictment. Bright's choice was within the wide range of reasonable professional assistance. Therefore, movant's second ground is without merit.

     3.   <u>Ground Three is Without Merit</u>

Movant's suggestion in support of his third ground is that his agreement was to be held accountable only for the 964 grams of methamphetamine that, as described in the factual resume, were seized on December 8. That contention flies in the face of

numerous assurances and representations provided by movant under oath at his rearraignment hearing.  Movant's current contentions do not rebut the "strong presumption of verity" afforded to the sworn statements he made at the rearraignment.  <u>See</u> <u>United States v. Palmer</u>, 456 F.3d 484, 491 (5th Cir. 2006); <u>United States v. Cervantes</u>, 132 F.3d 1106, 1110 (5th Cir. 1998); <u>United States v. Abreo</u>, 30 F.3d 29, 32 (5th Cir. 1994).  As before, the record establishes without dispute that any objection Bright might have made on behalf of movant to the drug quantities that were used to ascertain movant's guideline sentencing ranges would have been legally invalid.  Therefore, the court concludes that the third ground of movant's § 2255 motion is unmeritorious.

C.   <u>Movant's Request for an Evidentiary Hearing on His Motion Should Be Denied</u>

On page 14, in section VII, of movant's memorandum in support of his motion, movant requested an evidentiary hearing. The court is denying that request because movant has not adduced any facts in his motion or supporting memorandum that would cause the court to believe that an evidentiary hearing would be appropriate.

IV.

Order

For the reasons stated above,

The court ORDERS that movant's request for an evidentiary

hearing be, and is hereby, denied.

The court further ORDERS that all relief sought by movant in

his motion under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence by a person in federal custody be, and is

hereby, denied.

SIGNED September 30, 2014.

_____
JOHN McBRYDE
United States District Judge